IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

|  |  |  |
|---|---|---|
| MARCUS BRADLEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Civil Action No. 3:12-cv-669 |
| THE CITY OF RICHMOND, VIRGINIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT THE CITY OF RICHMOND, VIRGINIA'S MEMORANDUM IN
SUPPORT OF ITS MOTION *IN LIMINE* TO LIMIT THE PROSECUTION OF THE
TITLE VII CLAIM ASSERTED BY PLAINTIFF TORE HARRIS TO EVENTS THAT
OCCURRED WITHIN 300 DAYS PRIOR TO THE FILING OF HIS EEOC CHARGE**

Defendant The City of Richmond, Virginia (the "City"), by counsel, hereby moves *in limine* for an Order limiting the prosecution of the Title VII claim asserted by Plaintiff Tore Harris ("Harris") in Count II of the Complaint to events that occurred within 300 days prior to the filing of Harris' charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and states the following in support thereof:

**INTRODUCTION AND BACKGROUND FACTS**

At all relevant times, the Plaintiffs were employed in the City's Department of Public Utilities – Water Maintenance Division. Compl., ¶1. Harris became employed by the City on or about December 10, 2007 as a Pipefitter. *Id.* at ¶111. Harris alleges that "[he] has been exposed to a hostile work environment based on his race, in that he was subjected to racial slurs, epithets and jokes" (*id.* at ¶150), including the following occurrences:

- "On or about February 1, 2009, Harris was assigned to work with Caucasians, Emitt Sandridge, and Greg Walton as well as Plaintiffs [Jason] Goodson and

1

[Gabriel] Posey. Sandridge, who was the assigned crew supervisor, along with Walton called Harris such names as 'pussy.' Harris overheard both Sandridge and Walton refer to Goodson as a 'gorilla' and 'animal' and Posey as a 'queer from Texas.'" Compl., ¶112(a);

- "Around April, 2009 two work crews were combined, one headed by supervisor Emitt Sandridge, the other by supervisor Wilford Sandridge, the racial slurs and jokes increased to a daily basis. Harris witnessed racial harassment directed toward Goodson by Wilford Sandridge who would commonly remark about Goodson's physical size, asking him question[s] such as whether he had a 'big black penis,' he would touch his arms and legs and comment about Goodson being 'strong like a gorilla.' Sandridge also frequently stated out loud 'you ni**ers are all the same, you like a lot of women and loud music." Compl., ¶112(b);

- Harris alleges that a supervisor referred to him using the term "faggot," which ceased no later than April 2010. Compl., ¶112(c); *see also*, Dep. of Harris at 207:21-208:8[1].

- Harris alleges that he "complained to General Supervisor Beverly Gillespie about the harassment, however rather than intervening to stop it, Gillespie implemented a policy requiring Harris to give him a kiss on his cheek in order to receive his paycheck. Harris formed the opinion that Gillespie's conduct was intended to humiliate and demean him for having complained; as well as to teach Harris to succumb to the harassment or face even more demeaning treatment by his Caucasian co-workers." Compl., ¶112(d). This incident occurred sometime in 2008. *See* Ex. A at 209:20-211:3.

- "During the Summer of 2010 Caucasian Greg Walton called Goodson, Harris and Posey 'stupid ni**ers" and told them to "shut up" while at a job site." Compl. ¶112(e); and

- Sometime during the Winter of 2008, Warren Proffit called Harris a "porch monkey." Compl., ¶112(g); *see also*, Ex. A at 226:13-227:15; and

Harris asserts that, on or about June 3, 2011, he filed a charge of discrimination with the EEOC, alleging that he had been discriminated against on the basis of race and color. Compl., ¶17.[2] On or about July 23, 2012, the EEOC issued a Notice of Right to Sue to Harris. *Id.*, ¶18.

---

[1] The relevant pages of Harris' deposition transcript are attached collectively as **Exhibit A**. Due to scheduling conflicts, the parties have not yet completed the deposition of Harris, but plan to do so in the near future.

[2] Although Harris alleges that he filed a charge of discrimination with the EEOC on June 3, 2011, counsel for the City concedes that the documents that have been produced to date indicate that the charge was signed by Harris on

2

On September 14, 2012, the Plaintiffs, including Harris, commenced the instant action. In Count II of the Complaint, Harris alleges that he was discriminated against and subjected to a hostile work environment based on his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. Compl., ¶¶386-397.

Under well-established law, Harris was required to submit an EEOC charge within, at most, 300 days of an alleged discriminatory act. To the extent Harris' claims are based on conduct that allegedly occurred prior to July 30, 2010 (300 days prior to his filing of an EEOC charge on May 27, 2011), such conduct cannot serve as the basis for his claim that the City violated Title VII. Accordingly, Harris should not be allowed to prosecute his Title VII claim based on conduct that occurred outside of the permissible time period.

## ARGUMENT

**I.     Harris Should Not Be Allowed To Prosecute His Title VII Claim Based On Events That Occurred Before July 30, 2010.**

According to Title VII of the Civil Rights Act of 1964, when an employee complains of an unlawful employment practice, that employee must initially file a charge with the EEOC before bringing a civil suit. *See Edwards v. Murphy-Brown, L.L.C.*, 760 F. Supp. 2d 607, 618 (E.D. Va. 2011). "The Act provides a time frame within which a plaintiff must file this charge, otherwise the complaint will be time barred." *Id.* "Under Title VII, typically a charge must be 'filed within one hundred and eighty days after the alleged unlawful employment practice occurred.'" *Id.* (citing 42 U.S.C § 2000e-5(e)(1)). However, this period is extended to 300 days "when state law proscribes the alleged employment practice and the charge has initially been filed with a state deferral agency." *Id.* (citing T*insley v. First Union Nat'l Bank*, 155 F.3d 435,

---

May 25, 2011 and date-stamped May 27, 2011. A copy of Harris' initial charge of discrimination is attached as **Exhibit B**. The City will assume for purposes of this motion that Harris' charge was filed on May 27, 2011, but reserves the right to contest the precise filing date in the future if necessary.

3

439 (4th Cir. 1998)); *see also, Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 108, 122 S. Ct. 2061 (2002) ("In a state that has an entity with the authority to grant or seek relief with respect to the alleged unlawful practice, an employee who initially files a grievance with that agency must file the charge with the EEOC within 300 days of the employment practice . . .").

"Because Virginia has a state deferral agency, it is known as a 'deferral state.'" *Edwards*, 760 F. Supp. 2d at 619 (citing *Tinsley*, 155 F.3d at 440) ("[T]he authority granted to the Virginia Council on Human Rights is sufficient to qualify it as a deferral agency under Title VII."). "As such, an employee challenging an employment practice of an employer in Virginia has 300 days from the last date of alleged discrimination to file a charge with the EEOC." *Id.* (citing *Edelman v. Lynchburg Coll.*, 300 F.3d 400, 404 (4th Cir. 2002))[3]. "If the statutory time period elapses between the allegedly discriminatory incident and the filing of the EEOC charge, the litigant is forever barred from Title VII relief." *Id.* (citing *Morgan*, 536 U.S. at 109) ("A claim is time barred if it is not filed within these time limits.").

In *Morgan*, the United States Supreme Court explained the reasoning behind this time limit, noting that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Morgan*, 536 U.S. at 108 (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S. Ct. 2486 (1980)). "By choosing what are obviously quite short deadlines, Congress clearly intended to encourage the prompt processing of all charges of employment discrimination." *Id.* at 109. "The limitations period, while guaranteeing the protection of the civil rights laws to those who promptly assert their rights, also

---

[3] Although the *Edwards* Court appears to have applied the 300-day period in the absence of evidence that the plaintiff initially filed a charge of discrimination with a state deferral agency, the law is not entirely clear on this point. For instance, in *Wright v. Carroll County Public Service Auth.*, which was decided after *Edwards*, the Court held that the 180-day period governed because there was no evidence or allegation that the plaintiff first filed a charge with the Virginia Council on Human Rights or any other state agency. 2012 U.S. Dist. LEXIS 110687, at *5, n.1 (W.D. Va. 2012). Similarly, in the instant case, there is no evidence that Harris first filed a charge with a state agency. The City will assume, however, that the 300-day period governs, but reserves the right to revisit this issue in subsequent briefing or motions.

protects employers from the burden of defending claims arising from employment decisions that are long past." *Edwards*, 760 F. Supp. 2d at 619 (citing *Del. State Coll. v. Ricks*, 449 U.S. 250, 256-57, 101 S. Ct. 498 (1980)).

As stated above, Harris has alleged that multiple instances of discriminatory misconduct and unlawful employment practices occurred between 2008 and the Summer of 2010. However, Harris did not file a charge of discrimination with the EEOC until, at the earliest, May 27, 2011. *See* Ex. B. Accordingly, Harris cannot rely on the events that occurred before July 30, 2010 (300 days prior to his filing of an EEOC charge) to form the basis of his Title VII claim. In other words, any alleged discrimination or harassment that Harris experienced prior to July 30, 2010 is time-barred, and he should not be allowed to rely on conduct prior to this time in prosecuting his Title VII claim. *See Mohasco Corp.*, 447 U.S. at 826; *see also, Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 624, 127 S. Ct. 2162 (2007) ("[I]f the employee does not submit a timely EEOC charge, the employee may not challenge that practice in court"); *Taylor v. Republic Servs.*, 2013 U.S. Dist. LEXIS 16222, at *22 (E.D. Va. Feb. 6, 2013) (finding that the plaintiff's claims of discriminatory conduct occurred more than 300 days prior to the filing of her EEOC charge, therefore such claims were "time-barred and not properly before [the] Court") (citation omitted); *Wright v. Carroll County Pub. Serv. Auth.*, 2012 U.S. Dist. LEXIS 110687, at *5 (W.D. Va. 2012) ("Where a 'plaintiff fails to file such a complaint in a timely fashion with the EEOC, the complaint is time-barred in federal court.'") (quoting *McCullough v. Branch Banking & Trust Co.*, 35 F.3d 127, 131 (4th Cir. 1994)); *Vasquez v. Potomac Hosp., Inc.*, 2010 U.S. Dist. LEXIS 107988, at *10 (E.D. Va. 2010) ("When a court applies the 300-day limitations period to a Title VII claim that seeks to recover on a hostile work environment theory, the claim is time barred if all of the component acts creating the hostile work environment fall outside of the

5

statutory time period.") (citation omitted).  Thus, even if a discriminatory act occurred prior to July 30, 2010, it is "merely an unfortunate event in legal history which has no present legal consequence." *Id.* 550 U.S. at 626 (quoting *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 557, 97 S. Ct. 1885 (1977)).

## CONCLUSION

For the reasons stated above, and those that may be stated in the City's reply memorandum or during oral argument of this motion, Harris should not be allowed to rely on events that occurred prior to July 30, 2010 in prosecuting his Title VII claim.

WHEREFORE, The City of Richmond, Virginia respectfully requests (i) that its motion *in limine* to limit the prosecution of the Title VII claim asserted by Plaintiff Tore Harris to events that occurred within 300 days prior to the filing of his EEOC charge be granted, and (ii) that the Court enter an Order stating that the discriminatory acts that allegedly occurred to Tore Harris prior to July 30, 2010 cannot serve as the basis for his Title VII claim.

THE CITY OF RICHMOND, VIRGINIA


By: /s/ Jimmy F. Robinson, Jr.
Jimmy F. Robinson, Jr.
Virginia State Bar Number 43622
jimmy.robinson@ogletreedeakins.com
A. Tevis Marshall
Virginia State Bar Number 68401
tevis.marshall@ogletreedeakins.com
Counsel for the City of Richmond
Ogletree, Deakins, Nash, Smoak and Stewart, P.C.
6802 Paragon Place, Suite 410
Richmond, Virginia 23230
Phone: 855.843.1808
Fax:     855.843.1809

*Attorneys for Defendant.*

6

CERTIFICATE OF SERVICE

This is to certify that on this 21st day of May, 2013, I sent the foregoing to Plaintiffs'

Attorneys via e-mail and ECF:


A. Donald McEachin, Esquire
Virginia State Bar Number 27054
dmceachin@mceachingee.com
Curtis M. Hairston, Jr., Esquire
Virginia State Bar Number 28093
cmhairston@mceachingee.com
Counsel for Plaintiffs
McEachin & Gee
4719 Nine Mile Road
Henrico, VA  23223-4908
Tel.:  (804) 226-4111
Fax:  (804) 226-8888

Lorenzo Williams, Esquire
Lorenzo@williegary.com
Debra Nolan, Esquire
dsn@williegary.com
The Law Firm of Gary, Williams,
Lewis & Watson, PL
221 Southeast Osceola Street
Stuart, FL  34994


THE CITY OF RICHMOND, VIRGINIA

By: /s/ Jimmy F. Robinson, Jr.
Jimmy F. Robinson, Jr.
Virginia State Bar Number 43622
jimmy.robinson@ogletreedeakins.com
A. Tevis Marshall
Virginia State Bar Number 68401
tevis.marshall@ogletreedeakins.com
Counsel for the City of Richmond
Ogletree, Deakins, Nash, Smoak and Stewart, P.C.
6802 Paragon Place, Suite 410
Richmond, Virginia 23230
Phone: 855.843.1808
Fax:    855.843.1809

*Attorneys for Defendant*

7